UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/23/17

| | |
|---|---|
| LARRY ASHBY, HENRI SCOTT, on behalf of themselves and others similarly situated,<br><br>         Plaintiffs,<br><br>-against-<br><br>GO NEW YORK TOURS INC., and ASEN KOSTANDINOV,<br><br>         Defendants. | **ORDER**<br><br>16 Civ. 2182 (ER) |

Ramos, D.J.:

  Larry Ashby and Henri Scott brought the above-captioned action against Defendants Go New York Tours Inc. and Asen Kostandinov for recovery related to unpaid overtime wages and failure to provide wage notice and wage statements under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See* Doc. 1. John Reed opted-in as a plaintiff on March 9, 2017 (together with Ashby and Scott, "Plaintiffs"). Doc. 26. On July 27, 2017, the parties submitted an application for the Court to approve the parties' settlement agreement (the "Agreement"). Doc. 33. On August 1, 2017, the Court denied the parties' request for approval of the Agreement because it included an impermissibly broad release provision and there was insufficient documentation to support the reasonableness of the attorneys' fees requested. Doc. 35. The parties filed a revised agreement ("Revised Agreement") and supporting documentation on August 16, 2017. Docs. 38, Exhibit 1; 39.

  In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that

their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

"In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate 'the bona fides of the dispute.'" *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015). The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties to submit, among other things, a comparison of Plaintiff's range of possible damages with the final settlement amount, and an explanation of the case-specific litigation risks and other factors that justify the discrepancy between the potential value of Plaintiff's claims and the settlement amount, if any. *See, e.g., Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1 (S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where plaintiff submitted "a detailed breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015) (approving settlement after parties "submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable").

The Revised Agreement provides for a total settlement of $57,500 and divides the settlement as follows: (i) $12,666.66 payable to each of the three Plaintiffs for a total of $37,999.98, and (ii) $19,500.00 payable to The Law Office of Samuel & Stein as attorneys' fees and costs. Doc. 39 ¶ 2. The Court is satisfied that the parties have adequately justified the dollar amounts constituting the settlement. Here, Plaintiffs have provided the possible range of recovery for each Plaintiff: Ashby could recover between $26,104.99–$37,009.46; Scott could

recover between $16,971.78–$28,654.56, and Reed could recover between $5,000–$15,000. Doc. 33 at 2. However, these numbers are subject to potential reductions because Defendants argue that Plaintiffs worked fewer hours than they claimed and provided time records to support their position. Defendants also argue that Plaintiffs were managerial employees exempt from the hourly wage requirements of the FLSA and NYLL. Additionally, Defendants submitted documentation regarding Plaintiffs' unexcused absences from work and tardiness. Plaintiffs assert that by settling now, they ensure that they will get the most of what they can potentially recover. *Id.* The Court finds that this explanation of how the payments have been reduced to account for litigation risks and potential defenses is reasonable. Additionally, the parties claim to have engaged in good-faith arms-length negotiations and that multiple demands and offers of settlement were considered before the parties reached an agreement on the terms of the settlement. *Id.*

The parties have cured the Court's prior concerns regarding the overbreadth of the release provision and the reasonableness of the attorneys' fees requested.

With respect to the release, the Agreement previously contained a provision by which Plaintiffs agreed to release "any and all debts, obligations, claims, demands, orders, judgments or cause of action relating to labor and employment laws, including those arising out of alleged violations of the Fair Labor Standards Act, the New York State Labor Laws by reason of Plaintiffs' employment or termination of employment with Defendants, from the beginning of the world to the date of execution of this Agreement." Doc. 33 ¶ 3. Because the release provision would waive claims unrelated to wage-and-hour issues, the Court concluded that the release provision was overbroad. *See Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F.

3

Supp. 3d 170, 181 (S.D.N.Y. 2015)) ("Courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"); *see also Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3–4 (S.D.N.Y. Apr. 27, 2015). The release provision in the Revised Agreement, however, is limited to actions "arising out of the claims and/or facts at issue" in the current action and is therefore not excessively broad.[1] Doc. 39 ¶ 3; *See Pucciarelli v. Lakeview Cars, Inc.*, No. 16 Civ. 4751 (RRM), 2017 WL 2778029, at *3 (E.D.N.Y. June 26, 2017) (noting that release provision "released conduct aris[ing] out of the identical factual predicate as the settled conduct . . . without encompassing, for example, prospective discrimination claims").

Regarding the reasonableness of the attorneys' fees request, the Court looks to "the lodestar–the product of a reasonable hourly rate and the reasonable number of hours required by the case–which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667, 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Under the Revised Agreement, Plaintiffs' attorneys will retain approximately one third of the settlement amount and will be reimbursed $400 for out of pocket costs, for a total amount of $19,500.02. Doc. 39 at 2. "[O]ne-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases," *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y.

---

[1] The Court notes that the Revised Agreement includes a provision by which Plaintiffs agree to waive participation in "any lawsuit, charge, claim, or proceeding in any forum against the Defendants . . . relating to any obligation or claim concerning Plaintiffs' employment with Defendants arising on or before the effective date of this Agreement." Doc 39 ¶ 1. To the extent that that language implies a broader release than the release provision at ¶ 3 of the Revised Agreement, *Cheeks* and its progeny forbid it. *See e.g., Martinez*, 2016 WL 206474, at *2.

4

June 3, 2015), and Plaintiffs' counsel has submitted billing records detailing the type of work performed and hours logged by each attorney such that the Court may assess the reasonableness of the fees requested. Doc. 38, Exhibit 1. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney."); *see also Beckert*, 2015 WL 8773460, at *2 (evaluating the reasonableness of plaintiff's request for fees of one third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, i.e. the lodestar method). The Court is satisfied with the billing rates assigned to Plaintiffs' counsel and the number of hours spent on each task. Based on the information provided, the Court concludes that the requested attorneys' fees and costs are objectively reasonable.

Accordingly, the parties' request for approval of the proposed settlement is GRANTED. The Clerk of Court is respectfully directed to terminate the case.

It is SO ORDERED.

Dated:   August 22, 2017
         New York, New York

                                                     _____
                                                     Edgardo Ramos, U.S.D.J.